**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**HUY CHI LUONG, aka Chi Fei, aka Jimmy Luong, Defendant–Appellant.**

**No. 09–10420.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2010.

Filed March 4, 2011.

Robert David Rees, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Donald M. Horgan, Riordan & Horgan, San Francisco, CA, for Defendant–Appellant.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE and THOMAS, Circuit Judges, and MILLS, Senior District Judge.*

MEMORANDUM **

Luong appeals from the district court's imposition of a five-year consecutive sentence for one violation of 18 U.S.C. § 924(c)(1) (1997). We review a district court's construction and application of a mandatory minimum sentence provision de novo. *United States v. Hoyt,* 879 F.2d 505, 511 (9th Cir.1989), *as amended,* 888 F.2d 1257 (9th Cir.1989). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

18 U.S.C. § 924(c) requires a mandatory consecutive five-year sentence for its violation, and the district court had no choice but to impose it in sentencing Luong. *See United States v. Hungerford,* 465 F.3d 1113, 1118 (9th Cir.2006). Luong contends that in a separate case filed in the Eastern District of California, the district court's money laundering sentences improperly considered his section 924(c) conviction which is before us. However, it is the Eastern District of California court's sentence with which Luong actually takes issue, not this appeal from the Northern District of California Court. His double jeopardy challenge can be raised in his appeal from the Eastern District of California sentence.

**AFFIRMED.**

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

